UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| ELHADJ ALPHA MAHMOUD SOUARE, | CASE NO.  5:25-CV-564 |
| Plaintiff, | JUDGE BRIDGET MEEHAN BRENNAN |
| v. | |
| OHIO BMV, *et al.*, | **MEMORANDUM OPINION AND ORDER** |
| Defendants. | |

Before the Court is the Motion to Dismiss submitted by Defendants Ohio Bureau of Motor Vehicles ("Ohio BMV"), Charles Norman ("Norman"), and Jeff Payne ("Payne") (collectively "Defendants").  (Doc. 36.)  Plaintiff Elhadj Alpha Mahmoud Souare ("Plaintiff") opposed the Motion (Doc. 37), and Defendants replied (Doc. 42).  For the reasons below, Defendants' Motion to Dismiss is GRANTED, and all claims are DISMISSED with prejudice. Plaintiff's request to amend his pleadings is also DENIED.

I.  **BACKGROUND**

Plaintiff challenges the Ohio BMV's suspension of his driver's license after he failed to pay court-ordered child support.  (Doc. 1 at 6.)[1]  Plaintiff alleges the Ohio BMV suspended his driver's license on December 10, 2024.  (Doc. 26 at 95.)  That suspension remains active.  (*Id.*) Plaintiff further alleges he did not received notice of the suspension from the Ohio BMV and could not timely contest the suspension.  (*Id.* at 94-95.)  To him, the suspension was

---

[1] For ease and consistency, record citations are to the electronically stamped CM/ECF document and PageID# rather than any internal pagination.

discriminatory because of the "unequal treatment in the enforcement of child support license suspensions compared to similarly situated individuals." (*Id.* at 95.)

On March 24, 2025, Plaintiff filed his initial complaint. (Doc. 1.) The complaint named the Ohio BMV as a defendant. (*Id.* at 1.) Plaintiff's complaint alleged the Ohio BMV suspended his driver's license without notice. (*Id.* at 6.) Liberally construed, Plaintiff's complaint appeared to assert a claim under 42 U.S.C. § 1983 for violations of procedural due process under the Fourteenth Amendment. (*Id.* at 3.)

On April 18, 2025, the Ohio BMV moved to dismiss the complaint. (Doc. 4.) After Plaintiff filed several motions, he filed a Motion for Leave to File an Amended Complaint. (Doc. 14.) The Court granted that motion. (Non-Document Order dated 5/23/2025.) On May 23, 2025, Plaintiff filed his Second Amended Complaint. (Doc. 26.) The Second Amended Complaint added Charles Norman (Director of the Ohio BMV) and Jeff Payne (Chief of Record Services at the Ohio BMV). (*Id.* at 94.) Plaintiff also added five John Does. (*Id.*) The Second Amended Complaint stated four claims: 42 U.S.C. § 1983 (Fourteenth Amendment procedural due process) (Count One); 42 U.S.C. § 1983 (Fourteenth Amendment equal protection) (Count Two); declaratory and injunctive relief (Count Three); and damages (Count Four). (*Id.* at 95-96.)

Plaintiff subsequently filed several motions, including a Motion for Issuance of Subpoena (Doc. 25); Motion to Enforce Subpoena (Doc. 29); Motion to Supplement Motion to Enforce Subpoena (Doc. 30); Motion for Leave to File Supplemental Complaint (Doc. 32); Motion for Leave to Issue Proper Subpoena (Doc. 35), and Motion for Issuance of Subpoena (Doc. 46). These motions are pending.

On June 24, 2025, Defendants moved to dismiss the Second Amended Complaint. (Doc. 36.) Plaintiff opposed that motion (Doc. 37), and Defendants replied (Doc. 42).

## II.     LEGAL STANDARD

*Pro se* pleadings are held to a less stringent standard than formal pleadings drafted by lawyers. *El Bey v. Roop*, 530 F.3d 407, 413 (6th Cir. 2008). However, the "lenient treatment generally accorded to *pro se* litigants has limits." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996). A complaint must still contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A Rule 12(b)(6) motion tests whether the complaint meets this standard. To survive a Rule 12(b)(6) motion for failure to state a claim, the complaint must make out a plausible legal claim, meaning the complaint's factual allegations must be sufficient for a court "to draw the reasonable inference that the defendant is liable." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). Plausibility does not require any specific probability of success, but it does demand "more than a sheer possibility that a defendant has acted unlawfully." *Id.*

When courts evaluate whether a complaint makes out a plausible claim, they must accept all factual allegations as true. *Cates v. Crystal Clear Techs., LLC*, 874 F.3d 530, 534 (6th Cir. 2017) (quoting *Bickerstaff v. Lucarelli*, 830 F.3d 388, 396 (6th Cir. 2016)). Courts must also draw all reasonable inferences in favor of the plaintiff, and they must generally construe the complaint in the light most favorable to the plaintiff. *Id.* But courts do not accept legal conclusions or other conclusory allegations as true. *D'Ambrosio v. Marino*, 747 F.3d 378, 383 (6th Cir. 2014) (quoting *Terry v. Tyson Farms, Inc.*, 604 F.3d 272, 275-76 (6th Cir. 2010)). And courts need not make unwarranted factual inferences. *Kottmyer v. Maas*, 436 F.3d 684, 688 (6th Cir. 2006).

III.     ANALYSIS

Defendants' arguments that Plaintiff has failed to state a claim focus on three main arguments. (Doc. 36 at 159.) First, Defendant Ohio BMV argues it cannot be sued under § 1983 and that it is immune under the Eleventh Amendment. Second, Defendants Norman and Payne argue Plaintiff's individual capacity claims fail because he has not stated sufficient facts to show either was personally involved in this case. (*Id.* at 159.) Lastly, Defendants Norman and Payne argue the official capacity claims must be dismissed because the Ohio BMV is not required to provide procedural due process under Ohio's legislative scheme for individuals who fail to pay child support. (*Id.* at 160.)

A.     **Defendant Ohio BMV**

As a preliminary matter, Plaintiff appears to maintain his § 1983 claims against the Ohio BMV in the second amended complaint. (Doc. 1 at 1; Doc. 26 at 94-95.) His initial complaint named only the Ohio BMV as a defendant (Doc. 1 at 1), but his second amended complaint appears to only state claims against Defendant's Norman and Payne (along with five John Does). (Doc. 26 at 94.) In its initial motion to dismiss, the Ohio BMV argued the complaint should be dismissed because it could not be sued under § 1983 and that it was immune from suit under the Eleventh Amendment. (Doc. 4 at 18-20.) Because the Court liberally construes *pro se* pleadings, for purposes of this Order, the Court assumes Plaintiff still intends to bring his claims against the Ohio BMV.

Those claims, however, must be dismissed. First, the Ohio BMV is not a person within the meaning of § 1983, and only persons can be sued under § 1983. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 64-71, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989). Second, "[t]he Eleventh Amendment prohibits actions against states and state agencies under section 1983[.]"

*Ferritto v. Ohio Dep't of Highway Safety*, 928 F.2d 404 (6th Cir. 1991) (table decision). Courts in this circuit have consistently found the Ohio BMV is a state agency entitled to immunity from suit. *See, e.g., id.* (dismissing § 1983 claim against Ohio BMV on immunity grounds); *Pitts v. Ballinger*, No. 16-cv-2948, 2017 WL 282721, 2017 U.S. Dist. LEXIS 8940, at *5 (N.D. Ohio. Jan. 23, 2017) (same); *Burress v. Hamilton Cnty. Off. of Child Support & Enf't*, No. 14-cv-391, 2014 WL 2515413, 2014 U.S. Dist. LEXIS 76089, at *6-7 (S.D. Ohio June 4, 2014) (same); *Livingston v. Ohio Bureau of Motor Vehicles*, No. 13-cv-47, 2013 WL 5297249, 2013 U.S. Dist. LEXIS 134349, at *8-9 (S.D. Ohio Sept. 19, 2013) (same). The Ohio BMV is immune from suit.

    **B.**    **Defendants Norman and Payne**

Plaintiff brings his remaining § 1983 claims against Defendants Norman and Payne in their individual and official capacities. (Doc. 26 at 93.) "To state a cognizable claim against an individual under § 1983, 'a plaintiff must set forth facts that, when construed favorably, establish (1) the deprivation of a right secured by the Constitution or laws of the United States (2) caused by a person acting under color of state law.'" *Heyerman v. Cnty. of Calhoun*, 680 F.3d 642, 647 (6th Cir. 2012) (quoting *Sigley v. City of Parma Heights*, 437 F.3d 527, 533 (6th Cir. 2006)).

    **1.**    **Individual Capacity Claims**

A plaintiff can bring a claim for money damages or a claim for prospective relief against a state official in their individual capacity. *Does v. Whitmer*, 69 F.4th 300, 305 (6th Cir. 2023) ("Sovereign immunity bars official-capacity suits for damages, but not individual-capacity suits for damages."); *Foulks v. Ohio Dep't of Rehab. & Corr.*, 713 F.2d 1229, 1233 (6th Cir. 1983) ("The eleventh amendment does not prevent plaintiffs from bringing suits for money damages against state officials provided that the defendants are sued in their individual capacities."). To assert a § 1983 claim against an official in their individual capacity, a plaintiff must allege each

defendant had personal involvement in the deprivation of his rights. *Heyerman v. Cnty. of Calhoun*, 680 F.3d 642, 647 (6th Cir. 2012) ("Persons sued in their individual capacities under § 1983 can be held liable based only on their own unconstitutional behavior."); *Murphy v. Grenier*, 406 F. App'x 972, 974 (6th Cir. 2011) (unpublished table opinion) ("Personal involvement is necessary to establish section 1983 liability").

To the extent Plaintiff brings claims against Defendants Norman and Payne in their individual capacities, the Second Amended Complaint fails to state a claim because it does not allege Defendants Norman or Payne had any individual involvement in the facts of this case. Plaintiff merely alleges the Ohio BMV suspended his license. (Doc. 26 at 95.) In opposition to the Motion to Dismiss, Plaintiff argues Norman and Payne "personally participated in the processing and upholding of license suspension." (Doc. 37 at 167.) But those statements are "labels and conclusions" "devoid of 'further factual enhancement'" which is insufficient to state a claim. *Iqbal*, 556 U.S. at 662 (quoting *Twombly*, 550 U.S. at 557). And, even if the Court construes the Second Amended Complaint as alleging supervisor liability against Defendants Norman and Payne, § 1983 liability "cannot be premised solely on a theory of respondeat superior, or the right to control employees." *Heyerman*, 680 F.3d at 647 (citing *Hays v. Jefferson Cnty.*, 668 F.2d 869, 872 (6th Cir. 1982)). Instead, "[s]upervisory officials are not liable in their individual capacities unless they "either encouraged the specific incident of misconduct or in some other way directly participated in it." *Id.* Plaintiff has not pleaded any such allegations here.

> 2. **Official Capacity Claims**

"[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office." *Will*, 491 U.S. at 71. Accordingly, the

Eleventh Amendment bar against suits seeking damages in federal court "remains in effect when State officials are sued for damages in their official capacity." *Maben v. Thelen*, 887 F.3d 252, 270 (6th Cir. 2018) (quoting *Kentucky v. Graham*, 473 U.S. 159, 169, 105 S.Ct. 3099, 87 L.Ed.2d 114 (1985)).  To the extent Plaintiff's claims seek money damages from Defendants Norman and Payne in their official capacity, the claims are DISMISSED.

However, a plaintiff may sue a state official in their official capacity for prospective relief.  *Will*, 491 U.S. at 71 n.10 ("a state official in his or her official capacity, when sued for injunctive relief, would be a person under § 1983 because official-capacity actions for prospective relief are not treated as actions against the State"); *Thomas v. Tenn. Dep't of Transp.*, 579 F. App'x 331, 333 (6th Cir. 2014) (to obtain injunctive relief, a plaintiff "must sue a state official in his or her official capacity").  Plaintiff brings two claims against Norman and Payne seeking prospective relief: a violation of the Due Process Clause and a violation of the Equal Protection Clause.  (Doc. 26 at 95.)

**Due process**.  "The Fourteenth Amendment requires states to provide 'due process of law' before depriving 'any person of life, liberty, or property.'"  *Bambach v. Moegle*, 92 F.4th 615, 624 (6th Cir. 2024) (quoting U.S. Const. amend. XIV, § 1).  "Procedural due process rights protect individuals 'from deficient procedures that lead to the deprivation of cognizable liberty interests.'"  *Id.* (quoting *Bartell v. Lohiser*, 215 F.3d 550, 557 (6th Cir. 2000)).  "To establish a procedural-due-process claim in a § 1983 action, 'plaintiffs must establish three elements: (1) that they have a life, liberty, or property interest protected by the Due Process Clause of the Fourteenth Amendment . . ., (2) that they were deprived of this protected interest within the meaning of the Due Process Clause, and (3) that the state did not afford them adequate

procedural rights prior to depriving them of their protected interest.'" *Cooperrider v. Woods*, 127 F.4th 1019, 1042 (6th Cir. 2025) (quoting *Hahn v. Star Bank*, 190 F.3d 708, 716 (6th Cir. 1999)).

Plaintiff claims he was deprived due process because his driver's license was suspended by the Ohio BMV due to a "child support enforcement action initiated without valid court order or due process." (Doc. 26 at 94.) Further, he claims the Ohio BMV did not provide him with notice of the suspension, nor a hearing or opportunity to contest the suspension. (*Id.*)

Under Ohio law, if a child support enforcement agency determines an individual is in default of a valid child support court order, it must report that information to the Ohio BMV and the agency must provide notice to the individual of the consequences of being in default, including the suspension of their driver's license. R.C. § 3123.53. If the individual holds a driver's license, the Ohio BMV is required to suspend the license. R.C. § 3123.55(A)(1)-(3). The Ohio BMV has no other role in the suspension since it is required to enact the suspension. Instead, the statutory scheme allows for individuals to contest the child support court order, or for the individual to work with the applicable child support enforcement agency to avoid default. *See* R.C. § 3123.54.

Courts in this district have upheld this statutory scheme and found it does not violate procedural due process rights under the Fourteenth Amendment. *See Sessler v. C.C.C.S.E.A.*, No. 14-cv-58, 2014 WL 3014513, 2014 U.S. Dist. LEXIS 90922 (N.D. Ohio July 3, 2014) (dismissing procedural due process claim based on automatic driver's license suspension because of child support default). Based on the statutory scheme, the Ohio BMV, and Norman and Payne, have no authority to provide Plaintiff with due process. Instead, due process rests with the applicable child support enforcement agency. The Court is aware of no bar—and Plaintiff has pleaded none—that prevents him from continued appeals, challenges, or resolution of the

outstanding child support order.  Accordingly, Plaintiff fails to state a procedural due process claim.

**Equal protection**.  The Equal Protection Clause "protects against invidious discrimination among similarly-situated individuals or implicating fundamental rights." *Scarbrough v. Morgan Cnty. Bd. of Educ.*, 470 F.3d 250, 260 (6th Cir. 2006).  "To state an equal protection claim, a plaintiff must adequately plead that the government treated the plaintiff disparately as compared to similarly situated persons and that such disparate treatment either burdens a fundamental right, targets a suspect class, or has no rational basis." *Ctr. For Bio-Ethical Reform, Inc. v. Napolitano*, 648 F.3d 365, 379 (6th Cir. 2011) (citation and quotation omitted).  "The threshold element of an equal protection claim is disparate treatment." *Scarbrough*, 470 F.3d at 260.

Plaintiff pleads that he is a Black father who has suffered "unequal treatment in the enforcement of child support license suspensions compared to similarly situated individuals." (Doc. 26 at 95.)  That lone allegation, however, is insufficient to state an equal protection claim.  He does not allege any facts supporting disparate treatment, nor does he allege any similarly situated individuals were treated differently.

IV.     **Supplemental Complaint**

Plaintiff has also filed a Motion for Leave to File Supplemental Complaint pursuant to Rule 15(d).  (Doc. 32 at 121.)  That motion is unopposed.  The motion seeks to present additional claims against the Ohio BMV.  It also seeks to add Summit County as a putative defendant responsible for a separate license suspension determination on June 3, 2024.  (Doc. 32-1 at 124.)  Plaintiff does not explain the nature of the suspension, but alleges it occurred without notice.  (*Id.* at 124-25.)  He seeks to bring the following claims against Summit County: 42 U.S.C. § 1983

(violation of Due Process) (Count One); 42 U.S.C. § 1983 (Fourth Amendment) (Count Two); 42 U.S.C. § 1983 (Eighth Amendment) (Count Three); and 42 U.S.C. § 1983 (First and Fourteenth Amendments) (Count Four).

Under Rule 15(d), "the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented[.]" Fed. R. Civ. P. 15(d).  But Rule 15(d) is inapplicable here because supplementation under that rule only relates to events "that happened *after the date of the pleading to be supplemented*." *Id.* (emphasis added).  That is, Rule 15(d) allows a party to supplement a complaint if events occur after the filing of that complaint.  Here, Plaintiff seeks to supplement his complaint by adding claims relating to a June 3, 2024 license suspension, which occurred before the filing of his original complaint.  (*See* Doc. 1, filed on 3/24/2025.)  Therefore, Rule 15(d) is inapplicable.

Even if the Court liberally construed Plaintiff's motion as one for an amendment under Rule 15(a), that motion would be denied.  Under Rule 15(a), a party may amend its pleading "once as a matter of course" within 21 days of service or 21 days after a responsive pleading. Fed. R. Civ. P. 15(a)(1).  Additional amendments, however, require "the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2).  The movant has the burden to show why leave should be allowed. *Toxel Mfg. Co. v. Schwinn Bicycle Co.*, 489 F.2d 968, 970 (6th Cir. 1973).  Plaintiff has filed more than one complaint, therefore consent or leave of court is required.  While a court "should freely give leave when justice so requires," Fed. R. Civ. P. 15(a)(2), "in deciding whether to grant a motion to amend, courts should consider . . . futility of amendment," *Brumbalough v. Camelot Care Ctrs., Inc.*, 427 F.3d 996, 1001 (6th Cir. 2005); *Parchman v. SLM Corp.*, 896 F.3d 728, 736 (6th Cir. 2018) ("In the absence of any apparent or

declared reason—such as . . . futility of amendment . . . the leave sought should, as the rules require, be freely given."). An amendment is futile when it could not withstand a Rule 12(b) motion. *Riverview Health Inst. LLC v. Med. Mut. Of Ohio*, 601 F.3d 505, 512 (6th Cir. 2010).

Here, the Motion to File a Supplemental Complaint, construed as request for leave to file an amended complaint, must be denied because it does not establish a claim against either the Ohio BMV or Summit County. As explained above, the Ohio BMV is immune from suit. *See Ferritto*, 928 F.2d at 404. As to Summit County, a plaintiff may only hold a local government entity liable under § 1983 for the entity's own wrongdoing. *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 692-94, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). A local government entity violates § 1983 where its official policy or custom actually serves to deprive an individual of his or her constitutional rights. *Id*. at 694. A "municipal policy" includes "a policy statement, ordinance, regulation, or decision officially adopted and promulgated." *Powers v. Hamilton Cnty. Pub. Def. Comm'n*, 501 F.3d 592, 607 (6th Cir. 2007) (quoting *Monell*, 436 U.S. at 690). A "custom" for purposes of *Monell* liability must "be so permanent and well settled as to constitute a custom or usage with the force of law." *Monell*, 436 U.S. at 691. To state a claim for relief against a municipality under § 1983, Plaintiff must: "(1) identify the municipal policy or custom, (2) connect the policy to the municipality, and (3) show that her particular injury was incurred due to execution of that policy." *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003) (citing *Garner v. Memphis Police Dep't*, 8 F.3d 358, 363 (6th Cir.1993)). Here, Plaintiff's supplemental complaint does not contain any allegation relating to a custom or policy of Summit County which led to the alleged violation of his civil rights.

Accordingly, Plaintiff has failed to meet his burden of establishing the Motion to File a Supplemental Complaint, construed as a request for leave to file an amended complaint, is

merited.  The pleadings and Plaintiff's request for leave demonstrate any amendment would be futile.

## V. CONCLUSION

For the reasons explained above, Defendants' Motion to Dismiss the Second Amended Complaint (Doc. 36) is GRANTED, and all claims are DISMISSED with prejudice.  Plaintiff's Motion for Leave to File Supplemental Complaint (Doc. 32) is DENIED.  All other pending motions are DENIED as moot.

**IT IS SO ORDERED.**

Date:   July 21, 2025

BRIDGET MEEHAN BRENNAN
UNITED STATES DISTRICT JUDGE